# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-26-FDW

| | |
|---|---|
| KENNETH ASHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| J. THOMAS AMBURGEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has moved to proceed *in forma pauperis*. See (Doc. No. 2).

## I. BACKGROUND

*Pro se* Plaintiff is a convicted and sentenced federal prisoner who currently resides in the Edgefield Federal Correctional Institution in Edgefield, South Carolina. He filed this civil rights suit pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 with regards to incidents that allegedly occurred in Asheville, North Carolina.[1] He names as Defendants: BCDC/Sheriff's Office, Assistant Federal Defender Fredilyn Sison, Federal Prosecutor Don Gast, Attorney Stephen Lacey Cash, Attorney J. Thomas Amburgey, Attorney Rodney Gene Hasty, and Federal Probation Officer Jonathan Mason.

---

[1] Section 1983 and Bivens both impose liability on government actors for constitution violations; § 1983 for state actors and Bivens for federal actors Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006); see Farmer v. Brennan, 511 U.S. 825, 839–40 (1994) (finding that case law involving § 1983 claims is applicable in Bivens actions and vice versa). Although Plaintiff only cites Bivens, the Complaint is liberally construed as raising § 1983 claims as to the non-federal Defendants.

1

Construing the Complaint liberally and accepting the allegations as true, the incidents involved in the instant case began in 2011 and ended in 2018. The facts underlying the claims are, *verbatim*: "Tampered evidence caused to receive more time, motional stress. Made me out to be a liar and in compitant in front of the court." (Doc. No. 1 at 6). His injuries are: "Motional stress – put on medication; Sleep disorder – put on medication; money; family time; more incarceration than the law provides." (Doc. No. 1 at 6). As relief, Plaintiff seeks $100,000 and "sentence dismissed/set aside." (Doc. No. 1 at 6). Plaintiff admits that he did not file grievances with regards to the alleged incidents "[b]ecause Attorney filing is Outside of filing grievance about ineffective counsel and prosecutor misconduct." (Doc. No. 1 at 9). However, he claims he wrote letter with regards to the incidents that are a part of court records.

**II.    STANDARD OF REVIEW**

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated his federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

The purpose of Bivens is to "deter individual *federal* officers from committing constitutional violations." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (quoting Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (§ 1983 applies only to state actors)). Application of Bivens to private individuals "simply does not find legislative sanction." Holly, 434 F.3d at 291.

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the

Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must

3

articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The Complaint is too vague, conclusory, and lacking in factual support to state a claim against any of the Defendants in that he fails to explain how they violated his rights under the color of law. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Dismissal is warranted on this basis alone.

Further, Plaintiff has named as Defendants several individuals and entities who are either protected by immunity, are not "persons" subject to suit, or who are private parties against whom this civil rights suit cannot proceed. First, Plaintiff names as a Defendant BCDC/ Sheriff's Office. This entity is not a federal one, so no Bivens claim against it is possible. Nor can this suit proceed against the Sheriff's Office under § 1983 because it is not a "person" under North Carolina law and therefore lacks the capacity to be sued. See, e.g., Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); Wilson v. Fayetteville Police Dep't, 2014 WL 555663 (Feb. 11, 2014) (dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued."); Landry v. North Carolina, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011) (North Carolina sheriff's department and police department are not legal entities under North Carolina law capable of being sued).

Plaintiff also names as a Defendant a federal prosecutor, Mr. Gast, who is absolutely immune for acts arising out of the exercise of his official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976); see Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (prosecutorial immunity applies only to the extent that prosecutors serve as advocates for the State). Plaintiff does not allege any facts that would suggest that Mr. Gast acted outside his prosecutorial duties, therefore, the suit against him cannot proceed.

Plaintiff's claim against Assistant Federal Defender Sison is not cognizable because "a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (§ 1983 context); see Campbell v. State, 2013 WL 2153110 at *2 n.1 (M.D.N.C. May 16, 2013) (noting that federal public defenders are not federal officials subject to suit under Bivens). As Ms. Sison was not an agent for the government when she was acting as Plaintiff's defense counsel in his federal criminal action, Plaintiff's claims against her are not cognizable and must be dismissed.[2]

Plaintiff's claims against private attorneys Mr. Cash, Mr. Amburgey, and Mr. Hasty, cannot proceed because Plaintiff fails to allege how these private parties were federal actors and "[a]pplication of Bivens to private individuals simply does not find legislative sanction." Holly, 434 F.3d at 292-94; see Minneci v. Pollard, 565 U.S. 118, 120, 126 (2012) (holding there is no Bivens action against employees of a private company that operates a federal prison); O'Neil v. Anderson, 372 Fed. Appx. 400, 404 (4th Cir. 2010) (refusing to recognize a Bivens claim against a private contractor working in a federal prison).

---

[2] The appropriate means of presenting claims of ineffective assistance of counsel are through a petition filed pursuant to 28 U.S.C. § 2255. Plaintiff claims that such a petition is already pending with regards to his federal criminal case. (Doc. No. 1 at 2).

The only federal employee who Plaintiff has named as a Defendant is Federal Probation Officer Jonathan Mason. However, as previously stated, Plaintiff has made no factual allegations about how Defendant Mason allegedly violated his rights. Therefore, any claim against him is too vague, conclusory, and lacking in factual support to state a claim and will be dismissed.

The relief that Plaintiff seeks is also barred. The plain text of the Prison Litigation Reform Act ("PLRA") bars an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a "sexual act." 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "de minimis physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury."). Plaintiff has alleged no physical injury and therefore he is barred from seeking damages for his alleged emotional distress.[3]

To the extent Plaintiff seeks dismissal of his federal criminal sentence, this claim is barred. Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. Muhammad v. Close, 540 U.S. 749, 750 (2004).[4] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

---

[3] The Court makes no representations about the availability of damages in the North Carolina courts.

[4] "Although Heck involved only a § 1983 claim …, the Fourth Circuit has construed Heck to apply equally to Bivens claims…. See Covey v. Assessor of Ohio Cnty., 777 F3d 186, 196 n. 8 (4th Cir. 2015) (citing Poston v. Shappert, 222 Fed. Appx. 301 (4th Cir. 2007).

Id. at 485.

For Heck to bar a § 1983 or Bivens claim, (1) "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence," Heck, 512 U.S. at 487, and (2), the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practically sought habeas relief while in custody, Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015).

Plaintiff's request for the dismissal of a federal sentence appears to imply the invalidity of the conviction and/or sentence. Therefore, Plaintiff's claim for injunctive relief appears to be barred by Heck.[5]

## IV. CONCLUSION

The Complaint is too vague and conclusory to state a claim against any of the Defendants, many of whom appear to be protected by immunity and/or are not federal actors, and Plaintiff seeks relief that is unavailable. Therefore, the Complaint will be dismissed and this case will be closed.

**IT IS THEREFORE ORDERED** that:

1. The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 42 U.S.C. § 1997e(e).

2. The Clerk of Court is directed to enter and Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

3. The Clerk is instructed to close this case.

---

[5] Plaintiff is cautioned that the means of challenging his federal conviction and/or sentence are subject to procedural and timeliness requirements. See, e.g., 28 U.S.C. § 2255.

Signed: February 26, 2019

Frank D. Whitney
Chief United States District Judge